IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | |
|---|---|
| DA'VON SEAN STRONG,<br>TDCJ-CID No. 01724485,<br><br>  Plaintiff,<br><br>v.<br><br>PATRICIA FLOWERS, *et al.*,<br><br>  Defendants | 2:20-CV-024-Z-BR |

### MEMORANDUM OPINION AND ORDER
### DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights claims. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. *See* ECF No. 3. Plaintiff was granted permission to proceed *in forma pauperis*. *See* ECF No. 5. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

#### FACTUAL BACKGROUND

Plaintiff asserts that on August 17, 2019, Defendant Marcotte came by his cell during bed count. ECF No. 3 at 10. Plaintiff claims he asked Defendant Marcotte when the next pill window (medication distribution) was set to occur. *See id.* Defendant Marcotte originally told Plaintiff that pill window will happen "when they call it." *See id.* at 10–11. However, Plaintiff claims Defendant Marcotte disagreed with Plaintiff that he was scheduled for pill window to receive medication and when Plaintiff disagreed, Defendant Marcotte told Plaintiff to "eat [Defendant's] penis." *Id.* at 10. When the pill window was called approximately 10–15 minutes later, Plaintiff approached the cell

door to receive his medication, but was not taken to the distribution site. *Id.* When Plaintiff asked why he was not let out for pill window, Defendant Marcotte responded his door was covered. *Id.*

Following this interaction with Defendant Marcotte, Plaintiff reported staff misconduct to Defendant Flowers. *Id.* at 2–3. Plaintiff then alleges that Defendant Flowers and other Defendants conspired to place false disciplinary charges against Plaintiff in retaliation for his reports of staff misconduct. Plaintiff was convicted of a disciplinary infraction and lost good time credits, affecting his classification. *Id.* at 3–4. Plaintiff alleges Defendant Marcotte's actions constituted sexual harassment, and the remaining Defendants conspired and retaliated against Plaintiff for his report of this behavior. *See id.* The disciplinary infraction resulted from the investigation into Plaintiff's claims of staff misconduct. *See id.* Plaintiff's allegations were determined by TDCJ personnel to be unfounded. *Id.* at 8–9. Specifically, Plaintiff was disciplined not for filing a grievance, but for lying during an investigation. *Id.* It is not clear from Plaintiff's Complaint whether he was disciplined for lying about Defendant Marcotte's actions or for lying during the investigation of the pill window incident. *See id.*

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

2

confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

**ANALYSIS**

A claim of verbal abuse and harassment is simply not cognizable in a federal civil rights action. *See Jane Doe 5 v. City of Haltom City*, 106 Fed. Appx. 906, 908 (5th Cir. 2004) ("Verbal sexual harassment does not violate a detainee or inmate's constitutional rights"); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983"); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983"); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983"). Plaintiff's claim that Defendant Marcotte used derogatory sexual phrases to taunt and insult him does not state a constitutional claim and is without arguable basis in law. Plaintiff has failed to state a claim for an Eighth Amendment violation against Defendant Marcotte and his claim against this Defendant is **DISMISSED** with prejudice as frivolous.

The Supreme Court has held that a Section 1983 claim which attacks the constitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

3

issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995). In *Edwards v. Balisok*, the Supreme Court approved the application of the *Heck* doctrine to the prison disciplinary setting and held that a state prisoner's claim for damages in a challenge to the validity of the procedures used to deprive him of good-time credits was not cognizable under Section 1983. *Edwards v. Balisok*, 520 U.S. 641 (1997). Plaintiff acknowledges that he lost good time credits.

Here, Plaintiff argues he was innocent of the disciplinary charge and was falsely accused. He seeks monetary damages against the individuals involved in investigating and reporting the disciplinary allegations. ECF No. 3 at 4. These claims are barred by *Heck*. Plaintiff's Complaint identifies the disciplinary conviction as a "false statement during an investigation." *Id.* From the context of Plaintiff's Complaint, an investigation was initiated into Defendant Marcotte's conduct (both as to statements made to Plaintiff and as to whether he denied Plaintiff access to medication without cause). *See id.* As such, Plaintiff must allege a viable, nonconclusory claim of retaliation in the instigation of the disciplinary proceedings by Defendant Flowers to overcome the *Heck* bar to proceedings. Plaintiff has failed to state a nonconclusory claim for retaliation.

Prison officials may not retaliate against an inmate for exercising his right of access-to-the-courts or complaining to a supervisor about a prison employee or official. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995), *cert. denied*, 516 U.S. 1084 (1996). To prevail on a retaliation claim, an inmate must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for exercising that right, (3) a retaliatory or adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Causation requires a showing that "*but for* the retaliatory motive the complained of incident . . . would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (emphasis added) (internal marks omitted), *cert.*

4

*denied*, 522 U.S. 995 (1997). Conclusory allegations of retaliation are insufficient to defeat a summary judgment motion. *Woods*, 60 F.3d at 1166. "The relevant showing in such cases must be more than the prisoner's personal belief that he is the victim of retaliation." *Johnson*, 110 F.3d at 310 (internal marks omitted). "The inmate must produce direct evidence of motivation — or the more probable scenario, allege a chronology of events from which retaliation may be plausibly inferred." *Woods*, 60 F.3d at 1166 (internal marks omitted).

Trial courts are required to carefully scrutinize claims of retaliation, especially in relation to disciplinary convictions "[t]o assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them." *Id.* at 1166. Here, Plaintiff doesn't assert any plausible chronology of events as to why Defendant Flowers would initiate a disciplinary proceeding against him for his report of misconduct against Defendant Marcotte. As such, his claim for retaliation fails and is **DISMISSED**.

CONCLUSION

The Complaint is **DISMISSED**.

**SO ORDERED.**

March 20, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE